IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. PAULSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5295 |
| | : | |
| THE GEO GROUP, INC, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

YOUNGE, J.                                                    DECEMBER 14, 2021

Plaintiff Michael W. Paulson, a prisoner currently incarcerated at the George W. Hill Correctional Facility ("GWHCF"), brings this civil action pursuant to 42 U.S.C. § 1983, against several defendants including: (1) The GEO Group, Inc.; (2) Delaware County; (3) Richard Leach (Chief of Security); (4) David Byrns (Facility Administrator); (5) Brick Tripp (Deputy Warden); (6) Mario Cobucci (Deputy Warden); (7) Sergeant Brown (Unit 6 Sergeant); (8) Correctional Officer Dwomoah; (9) Correctional Officer Grey; (10) Correctional Officer B. Herron; and (11) Correctional Officer Sowa-Toray.  Paulson seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will deny Paulson leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the full filing fee if he wishes to continue with his case.

## I.    FACTUAL ALLEGATIONS

Paulson's Complaint asserts prison condition type claims against the Defendants which he avers resulted in the denial of his "minimal civilized measure of life's necessities" of exercise, hygiene, and recreation, subjecting him to "cruel and unusual punishment" since October 24, 2013.  (ECF. No. 2 at 13-14.)[1]  Paulson seeks punitive damages in the amount of $500,000 for

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

"psychological distress, physical distress, and time spent locked in his cell." (*Id.* at 15.)  Paulson also seeks the termination of Richard Leach for "failure to train . . . and correct the wrongful misconduct." (*Id.*)

Paulson has a history of litigating meritless claims in this District. *See Paulson v. Serody*, E.D. Pa. Civ. A. No. 21-3920 (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Paulson v. Kelly*, E.D. Pa. Civ. A. No. 20-2653 (dismissing complaint for failure to state a claim and pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Paulson v. GEO Group. Inc.*, E.D. Pa. Civ. A. No. 19-6013 (dismissing amended complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

## II.    STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

## III.   DISCUSSION

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28

3

U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal

Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call

under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the

decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020),

*abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017). As noted above, at least three

of Paulson's civil actions, filed while he was incarcerated, have been dismissed as frivolous or

because they failed to state a plausible claim for relief.

The Court concludes that the dismissals in the civil actions identified above count as

strikes against Paulson. Each was filed while Paulson was incarcerated, and each was dismissed

in its entirety for one of the reasons listed in § 1915(g). Accordingly, Paulson may not proceed

*in forma pauperis* unless he was in imminent danger of serious physical injury at the time he

brought his Complaint.

The "imminent danger" exception serves as a "safety valve" to ensure that a prisoner is

not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. The

imminent danger exception thus creates a narrow opening for a particular type of claim; it does

not give prisoners a license to swamp the court with claims whenever they successfully state a

claim of imminent danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)

(concluding that the exception's "unmistakable purpose is to permit an indigent three-strikes

prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger," not to

allow such a litigant to "file an unlimited number of lawsuits, paying no filing fee, for anything

from breach of a consumer warranty to antitrust conspiracy"). "Imminent dangers are those

dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at

315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in

the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at

467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks

omitted). Practices that "may prove detrimental . . . over time," such as poor care for arthritis,

also "do not represent imminent dangers," as the harm is not "about to occur at any moment."

*Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Finally,

even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does

not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at

468 (suggesting that certain complaints, such as being forced to work in inclement weather,

"may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

When considering whether imminent danger of serious physical injury has been alleged, courts

may reject "vague" or "conclusory" allegations as insufficient to provide a basis for IFP status.

*Id.*

The Court finds that the allegations in Paulson's latest filing does not meet the imminent

danger standard of Section 1915(g). Paulson asserts that the alleged conditions of confinement

claims have existed since October 24, 2013. (ECF. No. 2 at 13.) There are no allegations of

imminent danger or any future imminent danger. Accordingly, Paulson cannot qualify for the

imminent danger exception.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will deny Paulson's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Paulson desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge
JOHN M. YOUNGE, J.